## Case No. 14,783.

UNITED STATES v. CHAPMAN.

[4 Am. Law J. (U. S.) 440.]

District Court. W. D. Pennsylvania. Jan. Term, 1851.

CRIMINAL LAW—CONFESSION—PROMISE OF FAVOR.

A confession made by a prisoner against himself on a hearing before a committing magistrate, although previously cautioned by a magistrate not to criminate himself, held to be inadmissible because it appeared that forty-two hours before he had made a confession to one of the magistrate's officers under the influence of false promises.

The defendant, J. L. Chapman, was indicted for robbing the United States mail. It was proved that after defendant's arrest, promises of favor were held out by High Constable Hague, and under these the prisoner confessed. He was detained forty-four hours in the watch house, and being brought before the mayor, his examination was taken in writing, under the statute of Philip and Mary, and duly signed. The mayor knew nothing of the previous confession to Hague, and gave to the prisoner no more than the usual caution, which was not to answer any questions unless he pleased, telling him also that he was not bound to criminate himself.

The examination was offered by the district attorney, J. B. Sweitzer, and objected to by S. W. Black, counsel for prisoner.

Mr. Black stated the general rule in regard to admitting confessions in evidence. Every species of confession to be admissible must be voluntary and free. Any promise of favor, any threat or undue terror, operating on the mind, is sufficient to exclude the testimony. Archb. Cr. Pl. 117; 2 Hale, P. C. 235; 2 East, P. C. 659; 1 Phil. Ev. 104; 2 Starkie, Ev. 27; 2 Russ. Crimes, 645; Reg. v. Bosnell, 1 Car. & M. 584. The rule, said the counsel, is inflexible, and the confession must come from a free and willing mind. else the court is bound to reject it. And if it appears that any improper impression has been made upon the prisoner's mind by either magistrate or constable, it must be entirely effaced before a subsequent confession can be received. If inducements have been held out, and confessions obtained within a reasonable time before the official examination, the attention of the prisoner must be called to his prior confession and then explicit warning must be given not to rely on any expected favor. The loose and general caution "not to criminate himself" is far from sufficient. Inducements being once held out and confessions procured, the burden of proof is on the prosecution to show that they have been entirely removed, and that perfect freedom prevails in the mind. The presumption of law is that the influence still remains until by clear and satisfactory proof it is shown that every vestige is removed and the mind again set free. The proof, whether positive or circumstantial, must be ample and satisfactory. 2 East, P. C. 658, 659; Archb. Cr. Law, 118, 119; 2 Starkie, Ev. 27; State v. Roberts, 1 Dev. 259; Peter v. State, 4 Smedes & M. 31; Com. v. Knapp, 19 Pick. 507; Reg. v. Hewett, 1 Car & M. 536; 1 Phil. & A. Ev. 430.

It was contended by J. B. Sweitzer, U. S. Dist. Atty., that although the confession made in the first instance to the officer who made the arrest, had been induced by promises of favor, and was therefore inadmissible in evidence against him, still the subsequent statement made before the mayor, after the defendant had been duly cautioned not to criminate himself, was not liable to the same objection, and should therefore be admitted —that the influence of the motives proved to have been offered, could not be supposed to continue after the subsequent warning of the mayor, and "that where an inducement has been held out by an officer or a prose-

cutor, but the prisoner is subsequently warned by the magistrate that what he may say will be evidence against himself, or that a confession will be of no benefit to him, or he is simply cautioned not to say any thing against himself. his confession afterwards made will be received as a voluntary confession." The following authorities were referred to in support of the position assumed: 1 Greenl. Ev. p. 267; Rex v. Howes, 6 Car. & P. 404; Rex v. Richards, 5 Car. & P. 318; Nute's Case. 2 Russ. Crimes, 648; Joy, Conf. 27, 28, 69, 75; Rex v. Bryan, Jebbs' Crown Cas. 157; Rex v. Cooper, 5 Car. & P. 535; Com. v. Harman, 4 Barr [4 Pa. St.] 269; Com. v. Dillon, 4 Dall. [4 U. S.] 114: Peter v. State, 4 Smedes & M. 31.

Mr. Black, in reply, said there was no reliable authority which justified the opinion that a simple caution by the magistrate "not to say any thing against himself" was sufficient when a previous confession had been unduly extracted. If we were without decisions, reason and principle would reject a rule so loose and insecure. If a prisoner has confessed, as in this case, under a promise and hope of advantage, the caution "not to say any thing against himself" would induce him to repeat the confession, because he had already believed that this course would help and not hurt him. It is venturing very far to say that a rule laid down by Greenleaf is not sound, not supported by authority. Nevertheless, I am persuaded it is the case here, and the reference which the learned gentleman, who represents the government has made, is not law. To support this position, Mr. Greenleaf refers to Rex v. Howes, 6 Car. & P. 404, and Rex v. Richards, 5 Car. & P. 318. These cases not only do not support but they overturn this doctrine. In Rex v. Howes, the magistrate stated that he told the prisoner "he need not say anything before him unless he pleased." But it seems Chief Justice Denman was not satisfied with this, for he questioned him farther. and when the magistrate said he had told him "his confession would do him no good, but he would be committed to prison to take his trial." then and not till then did he admit the testimony. Surely this does not look as if a simple caution not to say any thing against himself was considered enough. Does it not rather look as if the prisoner's attention must be called to his previous confession and explicit warning be given not to rely on any expected or promised favor? The case of Rex v. Richards in no wise supports the rule contended for, but by strong implication conflicts with it. Mr. Justice Bosanquet refused to admit the statement until it clearly appeared the inducement to confess had come to an end and the previous threat could not possibly have influenced her mind before the magistrate. The case of Rex v. Bryan, Jebbs' Crown Cas. 157, quoted by Mr. Greenleaf, it is sufficient to say is not authority in this court. But even it only seems to sustain the view taken. For no confession was made to any one having authority, until the prisoner's statement was made to Mr. Barry, the magistrate. Mr. O'Flaherty, the priest, presented the only temptations which were offered, and he is not such a person as the law contemplates, who could hold out inducements sufficient to exclude a subsequent confession. But, in other cases, English judges of acknowledged eminence and authority have declared the law to be precisely as I have stated. Mr. Baron Gurney, in Rex v. Green, 5 Car. & P. 312, uses this strong language: "A prisoner ought to be told that his confession will not operate at all in his favor; and that he must not expect any favor because he makes a confession; and that if any one has told him that it will be better for him to confess or worse for him if he does not, he must pay no attention to it. And that any thing he says to criminate himself will be used as evidence against him in his trial." And in Rex v. Arnold, 8 Car. & P. 621, Chief Justice Denman states what he conceives to be the proper course of proceeding. "A prisoner is not to be entrapped into making any statement; but when a prisoner is willing to make a statement, it is the duty of magistrates to receive it; but magistrates before they do so ought entirely to get rid of any impression that may have before been made on the prisoner's mind, that the statement may be used for his own benefit. and the prisoner ought also to be told that what he thinks fit to say will be taken down, and may be used against him on his trial." The case of Com. v. Dillon, in 4 Dall. [4 U. S.] 116, proves nothing against us, because it seems that all importunities and threats were resisted by the prisoner, and he made no confession until he was brought before the mayor, and then according to the language of the court, it was "freely made and openly received."

The counsel has referred to Com. v. Harman, 4 Barr [4 Pa. St.] 270. This case, I think, helped him less, if possible, than 5 & 6 Car. & P. Chief Justice Gibson does not say that warning is sufficient to remove first impressions, but he does not say there, as we say here, that the presence of the constable as well as the "continuance of the same scenery which surrounded the prisoner at the first confessedly inadmissible confession, was calculated to produce on the mind of the prisoner the same influence at the latter period that existed at the first." Within forty-four hours of the first confession, so unduly obtained, in the same building and under the same roof. and the same scenery surrounding him, with Hague. who had tempted and beguiled him still at his elbow, who can say the second statement of the prisoner was free?

IRWIN, District Judge. As the confession in the first instance made by the prisoner to the constable who arrested him, was obtained by inducements which are excluded by law, and could not be received in evidence, the

question remains, whether the same confessions subsequently made, and taken in writing by the mayor of the city, signed by the prisoner, having previously been cautioned not to criminate himself, should be permitted to go to the jury.

It appears that the prisoner was arrested on the 10th of December last, between 9 and 10 o'clock in the morning, and taken to the mayor's office in this city. About two hours afterwards, from inducements held out to him by the constable who arrested him, he made a full confession of his guilt to that officer. He was afterwards removed to another part of the building, and there confined for forty-two hours, and from thence again taken to the mayor's office, either by Officer Hague, who arrested him, or some other constable. Here, the mayor, not having been informed of his previous confession, examined the prisoner and received his confession as above mentioned. During this examination, Constable Hague passed several times into and out of the office. Had the mayor been apprised of the previous confession, it would have been his duty to have told the prisoner, previous to his examination, in addition to the usual caution, that the promises made by the constable were delusive, and unauthorized, and to make him clearly understand that any thing he was about to confess, must not be with the hope or expectation of having the slightest favor shown to him in case of conviction. Without such information to the prisoner, may it not be a rational conclusion, that the confession which followed was made under the influence of the promises which had preceded and induced the previous confession? It is immaterial what length of time may have elapsed between the two confessions, if there had been no change in the circumstances or situation of the prisoner. Had he been at liberty, among friends, with opportunity for advice and reflection, a voluntary confession afterwards made would probably not be liable to legal objection; but after some hours of close confinement, he was taken to the room in which he made his first confession, and under the eye of the police officer to whom it was made, he repeats to the mayor all he had confessed to the police officer, without any knowledge by the mayor of that confession, and without any reference to it. Before such confession can be received in evidence, the court must be convinced that the mind of the prisoner was entirely free from the undue influence under which he made his first confession. But the circumstances of this case afford no room for such conclusion; on the contrary, they leave strong reason to infer that the last examination was but intended to put in due form of law the first confession, and that the promise of favor continued as first made. This conclusion may be repelled by evidence on the part of the prosecution; but in the absence of such evidence, the legal presumption is that the influence which induced the confession to Hague, continued when it was made to the mayor. The paper offered in evidence purporting to be the confession of the prisoner before the mayor, must therefore be rejected.

No other evidence appearing against him, the jury acquitted the prisoner.